### HALCYON REAL ESTATE CORPORATION v. VON BAYER.

(Supreme Court, Appellate Term, First Department.    November 3, 1915.)

LANDLORD AND TENANT ⬤≈309—SUMMARY PROCEEDING TO RECOVER POSSESSION—FAILURE OF PROOF.

Under Code Civ. Proc. § 2231, subd. 2, providing that a tenant of real property may be removed therefrom, where he holds over without the landlord's permission, after a default in the payment of rent and a demand of rent has been made, or at least three days' notice in writing requiring, in the alternative, the payment of the rent or the possession of the premises, where, in a proceeding instituted under that subdivision, the landlord not only failed to prove either a demand of the rent or the service of the required notice, but, on the contrary, proved that no demand had been made, the proceeding should have been dismissed on the tenant's motion at the conclusion of the trial.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 1317, 1318;  Dec. Dig. ⬤≈309.]

Appeal from Municipal Court, Borough of Manhattan, Seventh District.

Summary proceeding by the Halcyon Real Estate Corporation against Rudolph C. Von Bayer. From a final order in favor of the landlord, after a trial, the tenant appeals. Reversed, and proceeding dismissed.

Argued October term, 1915, before BIJUR, PAGE, and SHEARN, JJ.

Joseph Day Lee, of New York City, for appellant.
Thomas F. Kane, of New York City, for respondent.

PAGE, J. This proceeding was instituted pursuant to section 2231, subd. 2, of the Code of Civil Procedure. The landlord not alone failed to prove either a demand of the rent or the service of the three days notice required by the said Code provision. On the contrary, he proved that no demand had been made. The proceeding should have been

---

dismissed, upon the tenant's motion, made at the conclusion of the trial.

Order reversed, with $30 costs, and proceeding dismissed without prejudice to the bringing of a proceeding after demand or notice. All concur.